**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Centina Hernandez,<br><br>    Defendant. | No. CR-19-00157-001-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant's Motion for Early Release from Probation. (Doc. 21). Therein, the Defendant states "No Objection from the Government." (*Id.*) The Court has reviewed the sealed Report on Offender Under Supervision provided by the U.S. Probation Office. (Doc. 22). For the forgoing reasons, the Court will grant the Defendant's Motion.

I.  **Background**

On April 15, 2019 the Defendant plead guilty to a one-count Information charging her with False Statement to Obtain Federal Employee's Compensation (18 U.S.C. § 1920). In essence, the Defendant knowingly and willfully made false statement in filing for and accepting federal workers compensation benefits and payments stating that she was completely disabled and not employed or earning any compensation. In her plea agreement, she agreed that her conduct resulted in a loss of $84,025 to the U.S. Postal Service, which she agreed to pay. (Doc. 18) On April 15, she was sentenced in accordance with her plea agreement to a five-year term of probation. Her term of probation is set to expire on March

14, 2024. She has thus completed approximately two-years and eight-months of her probation term.

## II  Law and Analysis

Title 18 U.S.C. § 3564(c) gives a district court discretion to determine whether to terminate a term of probation "at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." In making the determination, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. A review of these factors support the Defendant's early termination of her probationary term here.

At time of sentencing, the Defendant was 42 years-old with one dependent. She had no known juvenile or adult criminal history or arrests. (Doc. 16). The Defendant did not present with any mental health or significant substance use history. She had a Masters and Doctorate degree in psychology. Furthermore, at time of sentencing she was in a postgraduate internship in Las Vegas, Nevada. Thus, the Court imposed the probationary term as a combined punitive and deterrent measure. The Court did not find her to be a danger to others or to be in need of rehabilitation for substance abuse.

Currently, the U.S. Probation Office reports that she has not incurred any arrests or contacts with law enforcement. She has paid her restitution and fines in full. She has a stable residence and has completed her doctoral degree in clinical psychology. However, it is noted that she cannot begin full-time employment using her degree while she is on a term of probation. Thus, it appears she has been unemployed since December, 2020. The fact of unemployment does cause some concern to the Court as there are other opportunities of employment currently available to her, albeit not in her chosen profession.

However, the Defendant's overall conduct while on probation appears exemplary. Accordingly,

…

…

…

**IT IS ORDERED** granting the Defendant's Motion for Early Termination of Probation.

Dated this 14th day of December, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge